UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                    :
KILLER JOE NEVADA, LLC,             :
                                    :      CASE NOS. 1:13-CV-1039
              *Plaintiff*,          :
                                    :
vs.                                 :      OPINION & ORDER
                                    :      [Resolving Doc. No. 4]
DOES 1-19,                          :
                                    :
              *Defendants.*         :
                                    :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

        In May, 2013, Plaintiff Killer Joe Nevada, LLC, filed this lawsuit against nineteen unnamed

defendants.[1]  Plaintiff alleges that the nineteen John Doe defendants infringed Plaintiff's copyright

by using the internet-based file sharing protocol BitTorrent to pirate Plaintiff's movie.[2]  For the

following reasons, this Court finds *sua sponte* that Plaintiff improperly joined Defendants, and thus

SEVERS the claims against all Defendants.  By July 23, 2013, the Plaintiff is **ORDERED** to notify

the Court as to which Defendant shall remain in the suit already filed.  Plaintiff is directed to refile

its claims against the other defendants separately and to pay the appropriate filing fees for each

action.  Finally, Plaintiff's motion for leave to take discovery is **DENIED AS MOOT**.

## I. Background

*A. Factual Background*

        Plaintiff alleges that Defendants violated U.S. copyright law by using BitTorrent to download

---

[1] Doc. 1.

[2] Doc. 1.

Case Nos.  1:13-CV-1039
Gwin, J.

the movie.[3/]  BitTorrent is a program that enables users to share files via the internet.[4/]  Unlike other "peer-to-peer" (P2P) file sharing networks that transfer files between users or between a user and a central computer server, BitTorrent allows for decentralized file sharing between individual users who exchange small segments of a file between one another until the entire file has been downloaded by each user.[5/]  Each user that either uploads or downloads a file segment is known as a "peer."[6/]  Peers that have the entire file are known as "seeds."[7/]  Other peers, known as "leeches" can simultaneously download and upload the pieces of the shared file until they have downloaded the entire file to become seeds.[8/]

Groups of peers that download and upload the same file during a given period are known as a "swarm," with each peer being identified by a unique series of alphanumeric characters known as a "hashtag" that is attached to each piece of the file.[9/]  The swarm's members are relatively anonymous, as each participant is identifiable only by her Internet Provider (IP) address.[10/]  Overseeing and coordinating the entire process is a computer or a server known as a "tracker" that maintains a record of which peers in a swarm have which files at a given time.[11/]  In order to increase

---

[3/]Doc. 1.

[4/]*Hard Drive Productions, Inc. v. Does 1-188*, 809 F. Supp. 2d 1150, 1151 (N.D. Cal. 2011).

[5/]*Id.*

[6/]*Id.*

[7/]*Next Phase Distribution, Inc. v. John Does 1-27*, 284 F.R.D. 165, 167 (S.D.N.Y. 2012), *see also* BitTorrent, Glossary, http://www.bittorrent.com/help/manual/glossary (last visited March 19, 2013).

[8/]*Next Phase Distribution*, 284 F.R.D. at 167, *see also* BitTorrent, Glossary, http://www.bittorrent.com/help/manual/glossary (last visited March 19, 2013).

[9/]*Next Phase Distribution*, 284 F.R.D. at 167.

[10/]IP addresses are defined as " a series of numbers that are used to specify the address of a particular machine connected to the Internet."  *See Io Group, Inc. v. Veoh Networks, Inc.*, 586 F. Supp. 2d 1132, 1145 (N.D. Cal. 2008) (citing *Columbia Ins. Co. v.seescandy.com*, 185 F.R.D. 573, 575 (N.D.Cal.1999)).

[11/]*Hard Drive Productions*, 809 F. Supp. 2d at 1152. *see also* BitTorrent, Glossary, http://www.bittorrent.com/help/manual/glossary (last visited March 19, 2013).

Case Nos.  1:13-CV-1039
Gwin, J.

the likelihood of a successful download, any portion of the file downloaded by a peer is available to subsequent peers in the swarm so long as the peer remains online.[12]

But BitTorrent is not one large monolith.  BitTorrent is a computer protocol, used by various software programs known as "clients" to engage in electronic file-sharing.[13]  Clients are software programs that connect peers to one another and distributes data among the peers.[14]  But a peer's involvement in a swarm does not end with a successful download.  Instead, the BitTorrent client distributes data until the peer manually disconnects from the swarm.[15]  It is only then that a given peer no longer participates in a given BitTorrent swarm.

*B. Procedural History*

In May 2013, Plaintiff filed this lawsuit against 84 John Doe defendants.[16]  Plaintiff alleges that by acting in concert via BitTorrent, Defendants infringed on Plaintiff's intellectual property rights by downloading a movie entitled "*6 Degrees of Hell*."[17]  Plaintiff justifies joinder of the unnamed defendants because the defendants participated in their "swarm" in downloading the copyrighted material.[18]  On June 11, 2013, Plaintiff filed a motion for leave to take discovery prior to the Rule 26 conference in order to learn the identities of Defendants from various Internet Service Providers (ISPs).[19]  In that motion, Plaintiff again alleges that joinder is proper, arguing that the

---

[12]/Doc. 1 at 4.

[13]/*Patrick Collins, Inc. v. John Does 1-21*, 284 F.R.D. 161, 164 (E.D. Mich. 2012).

[14]/*Hard Drive Productions*, 809 F. Supp. 2d at 1152.

[15]/*Id*.

[16]/Doc. 1 at 1.

[17]/Doc. 1 at 2.  Killer Joe filed its certificate of copyright registration with its complaint.  *See* Doc. 1-1.  It is clear that Plaintiff owns the copyright.  It is not at all clear from the complaint who the Defendants are.

[18]/Doc. 1 at 3.

[19]/Doc. 4.

Case Nos.  1:13-CV-1039
Gwin, J.

unnamed defendants all took part in the same series of factual transactions.[20]

*C. Litigation Involving BitTorrent*

Because IP addresses are the only identifiers of peers within a BitTorrent system, it is difficult, if not impossible, to learn of the true identities of the peers in a swarm.[21]  To pursue litigation, plaintiffs in BitTorrent suits must attempt to get early discovery to learn of the actual identities of the unnamed defendants.[22]  The requests have been the subject of much criticism, for the lawsuits are rarely litigated.  Rather, plaintiffs seek to take advantage of the resources of federal courts to force small, individual settlements.[23]

## II. Analysis

*A. Legal Standard*

Federal Rule of Civil Procedure 20(a)(2) allows defendants to be joined together in an action if "any right to relief is asserted against them . . . arising out of the same transaction, occurrence, or series of transactions and occurrences *and* any question of law or fact common to all defendants will arise in the action."[24]  In considering joinder, the Court operates with considerable discretion,

---

[20]/Doc. 4-1 at 11.

[21]/Doc. 4-1 at 6.

[22]/ Sean Karunaratne, *The Case Against Combating BitTorrent Piracy Through Mass John Doe Copyright Infringement Lawsuits*, 111 Mich. L. Rev. 283, 291 (2012). Legitimate reasons for expediting discovery do exist however, because ISPs often routinely delete IP address data as a normal part of industry practice. *See Digital Sin, Inc. v. Does 1–176*, 279 F.R.D. 239, 242 (S.D.N.Y.2012).

[23]/*Id.* at 303-304; Porn Companies File Mass Piracy Lawsuits: Are You at Risk? U.S. News and World Report (Feb. 2, 2012) (stating that defendants are given the option to settle for an amount around $5000 or face steep statutory damages); Jason R. LaFond, *Personal Jurisdiction and Joinder in Mass Copyright Troll Litigation*, 71 Md. L. Rev. Endnotes 51, 52 (2012) ("Defendants will simply pay the settlement demanded by the plaintiff, with no knowledge of their rights."); *Third Degree Films v. Does 1-47*, 286 F.R.D. 188, 190 (D. Mass. 2012) (finding that despite defendants' participation in the same transaction, joinder was nevertheless improper because " it appears that . . . film companies may be misusing the subpoena powers of the court, seeking the identities of the Doe defendants solely to facilitate demand letters and coerce settlement"); *but see Malibu Media, LLC v. John Does 1-5*, 285 F.R.D. 273 (S.D.N.Y. 2012) (holding that joinder is permissible where no evidence of coercive practices exist).

[24]/ Fed. R. Civ. P. 20(a)(2) (emphasis added).

Case Nos.  1:13-CV-1039
Gwin, J.

weighing the Rule 20 factors and the interests of fundamental fairness.[25]  In determining the

propriety of joinder, the Court analyzes the complaint and then determines whether the plaintiff's

allegations satisfy the requirements of Rule 20.[26]  Courts also consider whether severance would

lessen confusion for the fact-finder or parties, an issue this Court would do well to consider given

the number of unnamed defendants.[27]

*B. Rule 20 Factors*

    Plaintiff has not alleged facts to support the joinder of the 84 John Doe Defendants based on

the Rule 20 factors.  As noted above, Rule 20 requires that the rights asserted against defendants

arise out of the same factual transaction, and that any question of law or fact common to all

defendants will arise in the action.  Courts are split on the issue of joinder in BitTorrent copyright

litigation, with some finding it proper in certain circumstances,[28] and others not.[29]  For the reasons

below, this Court adopts the latter approach.

    Plaintiff's complaint says that "every John Doe infringer, in concert with its John Doe swarm

_____

[25]/ *Kuechle v. Bishop*, 64 F.R.D. 179, 180 (N.D. Ohio 1974).

[26]/ *Id*.

[27]/*Third Degree Films v. Does 1-131*, 280 F.R.D. 493, 496 (D. Ariz. 2012); *Chavez v. Illinois State Police,* 251 F. 3d 612, 632 (7th Cir. 2001); *On the Cheap, LLC v. John Does 1-5011*, 280 F.R.D. 500 (N.D. California 2011).

[28]/ *Pac. Century Int'l v. Does 1–31*, No. 11 C 9064, 2012 WL 2129003, at *2 (N.D.Ill. June 12, 2012); *Digital Sin, Inc. v. Does 1–176*, 279 F.R.D. 239, 244 (S.D.N.Y.2012) (declining to sever where "the Doe Defendants were trading the exact same file as part of the same swarm"); *Patrick Collins, Inc. v. Does 1–15*, No. 11–cv–02164–CMA–MJW, 2012 WL 415436, at *2–*4 (D.Colo. 2012); *Call of the Wild Movie, LLC v. Does 1–1,062*, 770 F.Supp.2d 332, 342–43 (D.D.C.2011); *W. Coast Prod., Inc. v. Does 1–5829*, 275 F.R.D. 9, 15–16 (D.D.C.2011); *K–Beech, Inc. v. Does 1–57*, No. 2:11–cv–358–Ftm–36SPC, 2011 WL 5597303, at *5–*7 (M.D.Fla. 2011), *Hard Drive Prods., Inc. v. Does 1–55*, No. 11 C 2798, 2011 WL 4889094, at *5 (N.D.Ill. 2011).

[29]/*SBO Pictures, Inc. v. Does 1–57*, 2012 WL 1415523, at *2 (D. Md. Apr. 20, 2012) (denying joinder and stating that "the better-reasoned decisions have held that where a plaintiff has not plead[ed] that any defendant shared file pieces directly with one another, the first prong of the permissive joinder is not satisfied"); *Patrick Collins, Inc. v. Does 1–3757*, 2011 WL 5368874 (N.D.Cal. 2011) ("while the courts favor settlements, filing one mass action in order to identify hundreds of doe defendants through pre-service discovery and facilitate mass settlement, is not what the joinder rules were established for.") *See also Hard Drive Prods., Inc. v. Does 1–188*, 809 F. Supp. 2d 1150, 1164 (N.D.Cal.2011);  *Arista Records, LLC v. Does 1-11*, 2008 WL 4823160 (2008).

-5-

Case Nos.  1:13-CV-1039
Gwin, J.

members, is allowing others to steal" and that "each John Doe acts in an interactive manner with other John Does."[30]  Despite Plaintiff's statements, it is not at all clear that Defendants were part of the same transaction or occurrence.  "Merely alleging that the Doe defendants all used the same file-sharing protocol, BitTorrent, to conduct copyright infringement of plaintiff's film without any indication that they acted in concert fails to satisfy the arising out of the . . . same series of transactions or occurrences requirement."[31]  Furthermore, a defendant's participation in a swarm does not mean that the defendant is always present and active in the swarm.[32]  Plaintiff's IP address exhibits indicate that Defendants accessed the swarm at different times, on different days, using different BitTorrent clients.[33]  This suggests that Defendants were not wrapped up in a single factual occurrence.[34]

        Beyond the joinder analysis, this Court is unconvinced that Plaintiff has even pleaded a *prima facie* case of copyright infringement.[35]  Here, Plaintiff provided only an IP address snapshot, and seeks to use that information alone to justify their suit.  Given the nature of BitTorrent protocols, an individual could access the swarm, download a small piece of the copyrighted material that could be useless, and then leave the swarm without ever completing the download.  To this end, the mere indication of participation weakly supports Plaintiff's conclusions.

_____

        [30]/Doc. 1 at 4.

        [31]/*Hard Drive Productions,* 809 F. Supp. 2d at 1163.

        [32]/*Id.* at 1152, 1164

        [33]/According to Doc. 4-3 at 1, various BitTorrent clients were used, including BitTorrent, μTorrent, Vuze and BitComet.

        [34]/Doc. 4-3.

        [35]/*See Feist Publications, Inc. v. Rural Telephone Serv. Co. Inc.,* 499 U.S. 340, 361 (1991) ("To establish infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. . . . Certainly, the raw data *does not satisfy* the originality requirement.") (emphasis added). Even beyond the issue of joinder, this Court would hesitate to subpoena the ISPs without further information regarding Defendants' alleged conduct.

Case Nos.  1:13-CV-1039
Gwin, J.

In sum, participation in a specific swarm is too imprecise a factor absent additional information relating to the alleged copyright infringement to support joinder under Rule 20(a).

*C.  Other factors*

Even if Plaintiff could meet the Rule 20(a)(2) factors for permissive joinder, this Court would nevertheless sever Defendants because joinder would otherwise deprive the Court of a just result. As noted above, courts can exercise discretion in weighing the effect of joinder on fundamental fairness.[36/]  Permitting joinder of the unnamed defendants violates a sense of fairness,[37/] as each unnamed defendant might have different defenses to the suit, necessitating a mini-trial to fully present each defendant's specific evidence.[38/]  In addition, joinder of dozens of defendants would extend trial proceedings and could serve to confuse the fact-finder.  It is hard to imagine how dozens of defendants, most likely unfamiliar with civil litigation, would be able to appreciate their procedural rights in such a trial.

But BitTorrent suits usually never reach the trial stage because most BitTorrent litigation ends in an out of court settlement.  The controversial practice of coercing settlement in other BitTorrent cases necessitates caution by this Court.  It is no secret that many of these suits end after discovery and are "resolved without so much as an appearance by the defendant, usually through default judgment or stipulated dismissal."[39/]  Courts have been troubled by what amounts to be a new business model employed by production companies "misusing the subpoena powers of the court, seeking the identities of the Doe defendants solely to facilitate demand letters and coerce settlement,

---

[36/] *See supra* note 22.

[37/] *CineTel Films, Inc. v. Does 1-1,052*, 853 F. Supp. 2d 545, 554 (D. Md. 2012).

[38/] *Id.*

[39/] *Id.* at 549

Case: 1:13-cv-01039-JG  Doc #: 5  Filed:  07/09/13  8 of 8.  PageID #: 66

Case Nos.  1:13-CV-1039
Gwin, J.

rather than ultimately serve process and litigate the claims."[40/] This unseemly practice is made worse by the frequent practice of joining hundreds or thousands of defendants in a suit, saving plaintiffs tens of thousands of dollars in filing fees.  It is in this environment where courts must take every caution to ensure that the keys to the doors of discovery are not blithely given to parties with other intentions.

Regardless of the dubious practices of others, Plaintiff may have legitimate claims which deserve litigation.  Nevertheless, unnamed Defendants are improperly joined, and in order to continue with its claims, Plaintiff will need to pay the requisite filing fee per suit.[41/]  Otherwise, Plaintiff has saved over $33,000 by consolidating its claims into one action.  If Plaintiff seeks to use the powers of this Court to vindicate its rights, it must pay the requisite fees like every other Plaintiff.

### III. Conclusion

For the foregoing reasons, this Court hereby **SEVERS** Plaintiff's claims.  Further, the motion for leave to take discovery prior to the Rule 26 conference is **DENIED AS MOOT**.  By July 23, 2013, the Plaintiff is **ORDERED** to notify the Court as to which Defendant shall remain in the suit already filed.

IT IS SO ORDERED.

Dated: July 9, 2013                          s/        *James S. Gwin*
                                             JAMES S. GWIN
                                             UNITED STATES DISTRICT JUDGE

---

[40/] *Third Degree Films v. Does 1-47*, 286 F.R.D. 188, 190 (D. Mass. 2012).

[41/] *Id.* at 199 ("Requiring Plaintiff to pay a filing fee for each defendant may help ensure Plaintiff is suing the Doe defendants for a good faith reason, that is, to protect its copyright and litigate its claim, rather than obtain the defendants' information and coerce settlement with no intent of employing the rest of the judicial process.").

-8-